UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60013-BLOOM/Reid

RODRICK JOHNSON,

    Petitioner,

v.

MARK INCH,

    Respondent.

    _____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendations of the Honorable Lisette M. Reid, ECF No. [27] ("Report"). On September 4, 2019, Judge Reid issued the Report recommending that the Petition for Habeas Corpus Relief, ECF No. [1] ("Petition"), be denied on the merits, that the requested evidentiary hearing be denied, and that a certificate of appealability be denied and the case be closed. ECF No. [27] at 29. The Report further advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.*

Plaintiff has timely filed an objection to the Report. ECF No. [30] ("Objection"). This Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objection is without merit and is therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court first notes that Petitioner's Objection is improper, as it further attempts to expand on arguments originally raised in the Petition and

considered by the Magistrate Judge, based on Petitioner's disagreement with the Report's findings. Specifically, Petitioner's Objection attempts to reassert the same arguments originally raised in the Petition regarding the trial court's allegedly improper application of *Farretta v. California*, 422 U.S. 806 (1975).

Upon review, this Objection merely expands upon and reframes the arguments already made and considered by the Magistrate Judge in her Report, or simply disagrees with the Report's conclusion. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Nevertheless, this Objection has been considered below and is overruled.

In particular, Petitioner objects to the Report's recommendation to deny Ground One, which asserts that the trial court improperly conducted a *Farretta* hearing, focusing its inquiries on whether Petitioner was competent to represent himself, and deprived Petitioner of his right to self-representation. ECF No. [30]. The Report's recommendation as to Ground One was based upon the equivocal statements Petitioner made about his request to represent himself during the course of the trial court's *Farretta* inquiries. ECF No. [27] at 17-19. In his Objection, Petitioner argues that the Report ignores the three prior clear and unequivocal requests Petitioner made during the *Farretta* hearing. ECF No. [30] at 3-5. Judge Reid's Report, however, correctly explains the procedures surrounding requests to self-represent. ECF No. [27] at 15-19. To invoke the right of self-representation, a defendant must "clearly and unequivocally" request to do so in

a manner that is "understandable to the trial court by the reasonable person standard." *Stano v. Dugger*, 921 F.2d 1125, 1144 (11th Cir. 1991); ECF No. [27] at 15-16. When presented with such a clear and unequivocal request for self-representation, a trial court then must conduct a *Farretta* hearing to determine whether the defendant knowingly, competently, and intelligently chooses to waive the traditional benefits associated with the right to counsel, despite the dangers and disadvantages of self-representation. *See Farretta*, 422 U.S. at 835; ECF No. [27] at 15. In determining whether a defendant is making a knowing and voluntary waiver of counsel, the trial court's *Farretta* inquiries should consider numerous factors.[1] Critically, even after making a clear request to self-represent, if a defendant later makes equivocal statements about his request, "the *Farretta* inquiry should stop and the opportunity to proceed without counsel should be denied." ECF No. [27] at 16; *Brown v. Wainwright*, 665 F.2d 607, 611 (Former 5th Cir. 1982) ("Even if defendant requests to represent himself, however, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether."). Thus, the Report clearly and correctly set forth the basis for its recommendation to deny Ground One. Therefore, Petitioner's Objection is without merit and is overruled.

Petitioner further requests that this Court grant his request for an evidentiary hearing so that he may further support his claims. ECF No. [30] at 8. However, the Petitioner has failed to

---

[1] *See United States v. Fant*, 890 F.2d 408, 409-10 (11th Cir. 1989) (The trial court should consider the following factors: "(1) the background, experience and conduct of the defendant including his age, educational background, and his physical and mental health; (2) the extent to which the defendant had contact with lawyers prior to the trial; (3) the defendant's knowledge of the nature of the charges, the possible defenses, and the possible penalty; (4) the defendant's understanding of the rules of procedure, evidence and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed, and the extent to which he aided the defendant; (7) whether the waiver of counsel was the result of mistreatment or coercion; or (8) whether the defendant was trying to manipulate the events of the trial.").

identify any factual dispute in existence. Thus, the Court concludes that an evidentiary hearing is not necessary to resolve the Petitioner's constitutional claims.

Lastly, Petitioner objects to the Magistrate Judge's conclusion that Petitioner is not entitled to a certificate of appealability. *Id.* at 8. Because the Court agrees with Judge Reid's analysis and conclusions, and further determines that Petitioner's Objection is without merit, the Court agrees that a certificate of appealability should not be issued.

The Court has conducted a *de novo* review of Judge Reid's Report, the record, and the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review of the record and the Report, the Court finds Judge Reid's Report to be well reasoned and correct. The Court agrees with the analysis in Judge Reid's Report and concludes that Plaintiff's Petition must be dismissed for the reasons explained therein.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Reid's Report and Recommendations, **ECF No. [27]**, is **ADOPTED**.
2. Petitioner's Objection, **ECF No. [30]**, is **OVERRULED**. The request for an evidentiary hearing is **DENIED**.
3. The Petition for Habeas Corpus Relief, **ECF No. [1]**, is **DENIED**. No Certificate of Appealability shall be issued.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.
5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 15, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette Reid

Counsel of record

Rodrick Johnson
L52319
South Bay Correctional Facility
Inmate Mail/Parcels
600 U.S. Highway 27 South
South Bay, Florida 33493-2233